UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Derrick R. LaDuke,<br>Plaintiff,<br><br>v.<br><br>The Boeing Company,<br>Defendant. | CASE NO.: 2:23-CV-5698-BHH-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This Complaint arises out of violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et. seq*.

2. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

3. The Defendant owns and operates a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

4. The Plaintiff is entitled to the protections of the Family and Medical Leave Act (FMLA) on account of his wife's pregnancy, as well as his need for and use of medical leave protected by the act.

5. The Plaintiff, Derrick R. LaDuke, is a citizen and resident of North Charleston, South Carolina, County of Charleston.

6. The Defendant, The Boeing Company, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina located in this judicial district.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant is a "person" within the meaning of the Family and Medical Leave Act ("FMLA").

9. The Defendant is an industry that affects commerce within the meaning of the FMLA.

10. The Defendant employs fifty (50) or more employees and are an "employer" within the meaning of the FMLA.

11. The parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

12. In or around April 2017, the Plaintiff was hired by Defendant company as a painter. At all times herein Plaintiff was efficient and effective in his work.

13. During the course of his employment, Plaintiff's wife became pregnant. Thirty (30) or more days prior to his wife's due date, Plaintiff informed his Manager, Robert Jernigan, that he would need to take FMLA leave for the birth of his child.

14. The Plaintiff's wife gave birth on December 16, 2021. Plaintiff let Mr. Jernigan know that Plaintiff was approved for FMLA leave beginning December 16, 2021 through December 22, 2021.

15. On or about December 20, 2021, Plaintiff called in to extend his already approved FMLA leave until March 9, 2022, and this extension was approved.

16. On or about December 20, 2021, Plaintiff was written up for being a no call/no show that day and terminated for being a no call/no show.

17. Later that day, Plaintiff received a phone call from Mr. Jernigan where Mr. Jernigan informed Plaintiff he was fired, because he was a no call/no show.

18. Plaintiff contacted Defendant company to verify his approved FMLA leave ran from December 23, 2021 through March 9, 2022.

19. On or about February 3, 2022, despite proving he had gotten approval for his extension of FMLA, Plaintiff received a letter stating that Plaintiff's employment was terminated effective December 20, 2021.

20. The stated reason for the Defendant's termination of the Plaintiff was pretextual in nature and was in reality retaliation for taking leave under the FMLA.

21. On or about December 20, 2021, the Plaintiff was wrongfully terminated due to his usage and need for FMLA.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Family and Medical Leave Act

22. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

23. The Plaintiff is informed and believed that upon his request, he was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.) and Defendant's discipline against Plaintiff and discharge of his employment as a result of his having requested such leave is a violation of his rights under said statute.

24. The Defendant is a qualified "employer" subject to the said Family and Medical Leave Act and this Court has jurisdiction to enforce the provisions of said statute as it is a federal statute.

25. The Defendant's discipline against Plaintiff and discharge of Plaintiff following his notification of his request for medical leave constituted a violation of the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

26. Defendant's actions were done willfully, maliciously, wantonly and were done recklessly in an intentional action designed to damage the Plaintiff.

27. Accordingly, Plaintiff is informed and believes that he is entitled to compensatory damages in the nature of the value of his lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, punitive damages and his reasonable attorney's fees and costs for the bringing of this action.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been kept in his proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award to the Plaintiff for reinstatement of the Plaintiff to his employment position;

6. An award of Plaintiff's attorney's fees, including litigation expenses, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

                **WIGGER LAW FIRM, INC.**

                *s/Matthew O. King*
                Matthew O. King (Fed. I.D. #13793)
                Attorney for Plaintiff
                8086 Rivers Avenue, Suite A
                N. Charleston, SC 29406
                843-553-9800

North Charleston, South Carolina
November 7, 2023